*Moniotte vs. Lieux, Administrator, et als.*

### No. 10,310.

### NICHOLAS MONIOTTE vs. F. O. LIEUX, ADMINISTRATOR, ET ALS.

An original transaction purporting, on the face of the papers, and the appearance of matters,

Moniotte vs. Lieux, Administrator et als.

to be a sale *à réméré*, wherein it is stipulated that in case of failure of redemption within the time specified, the ownership of the property shall vest irrevocably in the purchaser, passes the fee absolutely to the latter, where the property is not thus redeemed and where, after the delay has expired, the purchaser, to the knowledge of the vendor who remains silent, treats the property as his, borrowing money and securing the loan by mortgage upon it.

For having exercised rights vested in him by the very terms of the contract, the purchaser cannot be held liable in damages.

APPEAL from the Fifteenth District Court, Parish of Point Coupee. *Semple*, J.

O. O. & A. *Provosty* and *Thomas Hewes* for Plaintiff and Appellant:

1. Redeemable sales unaccompanied by delivery, and the considerations of which are inadequate, will be treated by courts, without sufficient evidence to the contrary, as contracts for which the thing nominally stands as security, and nothing else. Howe vs. Powell, 40 Ann. 307; Collins vs. Pellerin, 5 Ann. 99.
2. The contemporaneous lease by the vendee to the vendor is especially noteworthy and decisive. Journal du Palais, Rep. vo. Contrat Pignoratif; Proplong on Sales, Vol. 2, p. 329.
3. The prescription applicable to actions for damages *ex contractu* is ten years. Louque, p. 565; Hennen, p. 1217.
4. Default is unnecessary where the violation of the contract is active, and where performance has become impossible by the act of the defendant. Laloire vs. Wiltx, 29 Ann. 329; Marchesseau vs. Chaffe, 4 Ann. 24.
5. The measure of the damages is the sum of the expenses necessarily incurred by plaintiff to put things in the situation in which they would have been if defendant had fulfilled his contract. Ibid.

*L. B. Claiborne* for Defendant and Appellee.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The plaintiff appeals from a judgment rejecting his claim in damages against the succession of P. Deplaignes, for injury stated to have been sustained in consequence of a breach of contract by the latter.

The record discloses the following facts:

In 1877, plaintiff executed in favor of Deplaignes an act purporting to be a sale *à réméré* of certain real estate, for $2251 30 cash, reserving to himself the right of redemption within a delay expiring on January 1, 1883, and, in default of such exemption, vesting ownership in Deplaignes.

On the same day, Deplaignes leased the property to Moniotte for $180 *per annum*, during said term, on certain conditions.

Both acts were duly recorded on the day of their execution.

The day allowed for redemption went by, the debt remaining unpaid.

On the 12th of December, 1885, Deplaignes, treating the property as his, borrowed from the police jury of the parish of Pointe Coupee, $3900, payable at his death only, *provided* the conventional eight per cent interest agreed on was regularly paid annually, securing payment by mortgage, on the property, the act being duly recorded shortly after its date.

On Deplaignes' failure to comply with his obligation to pay, the police jury seized the property which was adjudicated to it for $4565, at the sheriff's sale, on February 4th, 1888, some three months after Deplaignes' death.

On the 6th of August, following, considering that his title to the property had been thus divested and had passed to the police jury, Moniotte purchased the property from that body, for the price of $5565, which represented the claim sued on, against Deplaignes, in capital, interest and costs. The purchase price was settled as follows: $1000 cash, and the rest secured by privilege and mortgage, payable at Moniotte's death, *provided* he would pay regularly, each year, the conventional eight per cent interest stipulated in the act.

Moniotte, who was in possession of the property prior to the sale à *réméré* to Deplaignes, continued so, as tenant at least, up to the institution of this suit.

Claiming to have paid $2031 in part satisfaction of the $2251 30, before the expiration of the period of redemption, Moniotte now contends that by the wrongful acts of Deplaignes in mortgaging the property and in suffering it to be seized and sold and purchased by the police jury, he has been damaged to the full amount of the difference between his debt to Deplaignes and the sum at which he reacquired the property, viz: some $2156.

The defences set up are: the pleas of prescription of one year, want of tender, and next, the general issue, followed by a special denial of any partial payments, the assertion of former ownership and the justification of consequent acts and doings, as owner.

The pleas of prescription and want of tender were overruled and, on the merits, the court gave, in favor of defendants, the judgment now brought up for review.

It cannot be claimed that the original transaction between Moniotte and Deplaignes does not bear on its face all the characteristics essential to constitute a valid sale à *réméré*.

The intent of the parties; the price paid cash; the possession delivered to the purchaser; the stipulation of the right of redemption;

the irrevocable forfeiture of all title to the ownership of the property in case of failure to redeem it within the prescribed delay, the overt acts of Deplaignes, after the term of redemption had passed away; the debt remaining unpaid, even if part payments have been made; his treating the property as his own, his mortgaging it to secure a loan made to him; the knowledge of those acts of Deplaignes by the plaintiff, his silence and inaction, and his purchasing the property from the police jury; the utter failure of the plaintiff to show the reverse; all tend to show that the original transaction was what it purported to be, a sale *à rémété*, and that the action brought by Moniotte after Deplaignes' death, at a time when his testimony could not be given, his mouth being sealed in death, is one which courts of justice will frown upon with great suspicion and discountenance by all legal means.

The inference is irresistible that Deplaignes acquired title to the ownership of the property, and that he had the right to represent himself as he did, as the owner of it, to borrow money and to secure the loan by mortgage on it.

Having exercised those rights expressly conferred by the contract, he could not, neither can his succession or his heirs, be held responsible for any injury which the plaintiff may have in consequence sustained. Such, if it exist, could only be *damnum absqe injuria*.

This case does not come within the scope of the ruling in Howe vs. Powell, 40 Ann. 307, relied upon by the plaintiff; but rather fully within the purview of those in Levy vs. Ward, 32 Ann. 784; Jackson vs. Lemle, 35 Ann. 856; Lawler vs. Cosgrove, 39 Ann. 488, and Davis vs. Citizens' Bank, Ib. 523, an application of which justifies the conclusion reached in the present controversy,

It becomes unnecessary, from this standpoint, to consider the pleas of prescription and want of tender, set up by defendants.

Judgment affirmed.